UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLY ANN DATO,<br><br>    Plaintiff,<br><br>    v.<br><br>SOLANO COUNTY JAIL, et al.,<br><br>    Defendants. | No. 2: 18-cv-2072 KJN P<br><br><br>ORDER |

Plaintiff is a county prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint filed November 28, 2018. (ECF No. 10.)

The claims in the first amended complaint are virtually identical to the claims raised in the original complaint. Named as defendants in the first amended complaint are Solano County Jail and Solano County Medical. Plaintiff raises three claims. First, plaintiff alleges that defendants failed to provide her with a lower bunk, an extra mattress and adequate pain medication, required due to her back injury. Second, plaintiff alleges that she was not permitted confidential video visits with her lawyer. Plaintiff alleges that she was the only inmate at the jail who was not permitted confidential video visits with her lawyer. Third, plaintiff alleges that she was denied access to her personal property while housed at the Solano County Jail.

////

In the order dismissing the original complaint with leave to amend, the undersigned informed plaintiff that a municipal entity or its departments (such as a county or a county employee acting in an official capacity) is liable under Section 1983 only if plaintiff shows that her constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Monell v. New York City Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978). In additional, such local entities may not be held vicariously liable under Section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. See Board of Cty. Comm'rs. v. Brown, 520 U.S. 397, 403 (1997).

The undersigned dismissed the original complaint with leave to amend because, with respect to all three claims, plaintiff had not pled a potentially colorable claim pursuant to Monell. (ECF No. 6 at 3.) The undersigned found that plaintiff did not allege that she was denied adequate medical care pursuant to a county policy. (Id.) The undersigned found that plaintiff did not allege that she was denied confidential visits pursuant to a county policy. (Id.) The undersigned found that plaintiff did not allege that she was denied access to her property pursuant to a county policy. (Id.)

Plaintiff's amended complaint does not cure the pleading defects discussed above. Plaintiff again does not allege that she was denied adequate medical care, confidential attorney visits or access to her personal property pursuant to a Solano County policy. For this reason, the amended complaint is dismissed with leave to amend. Plaintiff is granted one more opportunity to cure this pleading defect. However, the undersigned observes that plaintiff may not be able to cure this defect as to her claim regarding confidential attorney visits. If plaintiff was the only inmate at the jail denied a confidential attorney visit, then plaintiff may not be able to state a claim that she was denied confidential attorney visits pursuant to a policy.

In the second amended complaint, plaintiff may also name as defendants those individuals who denied her adequate medical care, confidential attorney visits and access to her personal property. If plaintiff names individual defendants, she shall discuss their involvement in the alleged deprivations.

1 | Plaintiff is informed that the Civil Rights Act under which this action was filed provides
2 | as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

The undersigned also dismissed the original complaint because it appeared that plaintiff did not exhaust administrative remedies with respect to two of her claims. Plaintiff appears to have addressed this issue in the amended complaint. If plaintiff files a second amended

complaint, she shall again describe her attempts to exhaust administrative remedies.

Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint (ECF No. 10) is dismissed with thirty days from the date of this order to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action.

Dated: January 17, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dato2072.ame.kc